### J. L. NELSON v. THE STATE.

No. 7812. Decided November 14, 1923.

Rehearing Denied January 9, 1924.

1.—Transportation of Intoxicating Liquor—Husband and Wife—Cross-Ex-
amination.

Where, upon trial of unlawful transportation of intoxicating liquor, de-
fendant's wife testified on direct examination that her husband was drink-
ing, and the only information elicited from her as shown by the bill of
exceptions was pertinent to the examination in chief, there is no reversible
error.

2.—Same—Preparing Bill of Exceptions—Rule Stated.

The refusal of the trial court to allow time for the proper preparation
of bills of exception when requested is error, but in order to constitute re-
versible error it *must further be made to appear that injury resulted from
such refusal, and no such injury being shown, there is no reversible error.*
Following Rossborough v. State, 21 Texas Crim. Rep., 672.

3.—Same—Medicinal Purposes—Argument of Counsel.

The Court observes no merit in the contention of defendant that he was
compelled to testify that he had no physician's prescription, and that the
County Attorney commented on the fact of its absence.

4.—Same—Cross-Examination.

Objection that it was not admissible to cross-examine the witness upon a
paper prepared by his council shows no reversible error in the instant case,
nor do other bills of exception show error.

Appeal from the District Court of Van Zandt.  Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of unlawful transportation of intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Wynne & Wynne* for appellant

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for the unlawful transportation of intoxicating liquor with the punishment assessed at one year in the penitentiary.

Appellant was arrested just inside the city limits of Wills Point on the Dixie Highway about dark on Sunday.  He was out of his car in the road with a shotgun in his hands when the officers reached the place, and was intoxicated.  Two half gallon jars of whisky were found in the car.  Appellant's wife and children were with him.  They lived in Dallas.  Mrs. Nelson's sister had died in Rains County and appellant had taken her there where she remained for two weeks.  He returned to Dallas, and had come back to Rains County to get Mrs. Nelson and the children, and it was on the return journey to Dallas with them that he was apprehended.  His brother lived near Point in Rains County and appellant had spent the Saturday night preceding with him, and gone after his wife some time during Sunday.  Appellant claimed to have purchased the whisky for the use of his wife, and that he was taking it home to Dallas for medicinal purposes.  This issue was submitted to the jury and determined against such contention.

Complaint is made in bills of exception one, three and four that the wife's cross-examination involved matters not inquired about on direct examination.  She was asked if appellant did not get out of the car before reaching Wills Point and parade up and down the road with a shotgun.  She does not appear to have answered that question; if so, her answer was not responsive.  She replied, "Yes, he was drinking some,—I guess you would call it drunk."  She had testified on direct examination that her husband was drinking, and the only information elicited from her as shown by bill number one was pertinent to the examination in chief.  This also seems to be true of bill number three.  She had testified that her husband had come to take her home.  The inquiry as to when he left Dallas, when he reached her mother's and where he spent Saturday night appears to have been connected with the trip and proper inquiries.  It appears from bill number four that the wife was asked, "He, your husband, never told you anything about what he wanted that whisky

for until after he was arrested, etc.;'' to which she replied that he had not told her. It occurs to us there was no impropriety in this examination. Appellant was defending on the ground that he was transporting the whisky for medicinal purposes for his wife, and so testified. She had sworn on direct examination that she needed and used whisky to bathe with and take, and had told her husband to get her some; but had also sworn she had no knowledge that any whisky was in the car until the sheriff took it out. The fact that he had not apprised her of the presence of whisky gotten, as both of them contended at her request and for her use, was properly developed upon her cross-examination as being upon the good faith of this contention.

In bill number two complaint is made that the court refused to give counsel for appellant time to dictate and prepare a bill of exception. ''The refusal of the trial court to allow time for the proper preparation of bills of exception, when requested, is error, but in order to constitute reversible error, it must further be made to appear that injury resulted from such refusal.'' Rosborough v. State, 21 Texas Crim. App., 672. (For other authorities see Branch's Ann. P. C., page 133, 7th paragraph.) No injury is shown in the present case. The stenographer's notes appended by the learned trial judge show no basis existed for the proposed bill.

After appellant had testified that he bought the whisky for medicinal purposes, he testified over objection, that he had no prescription from a physician for the same. We observe no merit in this complaint as presented by bill number five, nor to objection to the county attorney's comment on the absence of a prescription as shown by bill number six.

Appellant testified that he tried to buy some whisky at Point but failed to get it; that he purchased the whisky found in his car from a party by the side of the road after leaving the home of his mother-in-law and while on the journey to Wills Point. During his cross-examination he was asked if at a former day of the term he had not filed an application for continuance in which he swore that he expected to prove by his wife that he brought the whisky from Point to use to revive her from sinking spells on the way home. Objection was interposed that it was not admissible to cross-examine the witness upon a paper prepared by his counsel. The objection being overruled appellant answered ''that he did not understand it that way at all.'' So far as the bill of exception (No. 7) shows the matter ended there. We fail to observe any error in the proceeding as shown by the bill.

We have examined bills eight and nine. There is a qualification appended to number nine. In our opinion neither of them present error, and we deem it unnecessary to discuss them.

Finding no errors in the record demanding a reversal the judgment is affirmed.

*Affirmed.* ·

[Rehearing denied January 9, 1924.—Reporter.]